22630

Faye Roddey SKIPPER, Appellant v. E. Lee SKIPPER, Jr., Respondent.

(351 S. E. (2d) 153)

Supreme Court

*James T. McLaren* of *Draine, McLaren & Lee,* Columbia, *for appellant.*

*Brooks P. Goldsmith* of *Thomas, Goldsmith, Folks & Hodges,* Lancaster, *for respondent.*

Heard June 6, 1986.

Decided Nov. 17, 1986.

*Per Curiam:*

Appellant wife and respondent husband were divorced on June 14, 1984. On that date, the family court issued a decree of divorce and an order approving a settlement and support agreement. This order set forth and approved the property, support, and custody settlement reached by the husband and the wife. This settlement provided that the wife was entitled to use and possession of a "majority" of the husband's inherited/gift personal property provided that this property be bequeathed to the parties' son.

The parties attempted to divide the inherited/gift property but were unable to reach accord. The husband interpreted the agreement as requiring him to choose less than 50% of the total number of items. The wife contended that the husband was limited to less than 50% of the value of the inherited/gift property. The family court, in an action commenced by the husband, divided the inherited/gift property according to the number of items rather than the value. The lower court also determined that four items located in a safe deposit box outside the marital home were solely the property of the husband. The family court denied both party's request for attorney fees and costs.

The disputed personal property was either inherited by the husband or received by him as a gift. The family court has no jurisdiction to distribute nonmarital property, S. C. Code Ann. § 20-7-473 (1986), although it can consider such property when apportioning the marital property, S. C. Code Ann. § 20-7-472(7) (1986). This prohibition against distributing nonmarital property clearly is not applicable in the present case. The parties freely and voluntarily entered into the separation agreement and requested the family court to make the terms of the agreement part of the decree. As this Court stated in *Moseley v. Mosier*, 279 S. C. 348, 353, 306 S. E. (2d) 624, 627 (1983), "[J]urisdiction for all domestic matters, whether by decree or by agreement, will vest in the family court. In all decrees entered after this decision, the parties may contract concerning their property settlement and alimony, but the submitted agreement must be approved by the family court." We refuse to carve out an exception to the *Mosier* case that would slam the courthouse door on an individual who desired judicial enforcement of a court approved agreement which, by the parties own choos-

ing, contains provisions dealing with nonmarital property. The family court interpreted the agreement to require a division of the inherited items by number rather than value. Clearly the lower court erred in this matter. Absent an express indication in the agreement to the contrary, the items should have been divided according to value. *See, e.g., Shaluly v. Shaluly,* 284 S. C. 71, 325 S. E. (2d) 66 (1985); *Bauer v. Bauer,* 287 S. C. 217, 337 S. E. (2d) 211 (1985); *Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). Division of property by number of items presents the potential for such an absurd result as awarding a house to one party and a tennis racket to the other. The division of goods effectuated by the family court is reversed. On remand, the lower court shall divide the property in question according to its value with the wife receiving use and possession of a majority as provided in the agreement.

The family court awarded the husband sole ownership of the four items located in the parties' safe deposit box. This finding was based primarily on references in the parties' agreement to a division of the furniture and personal property "in the [marital] residence." The family court reasoned that these references coupled with the absence of any specific reference to property located outside the residence indicated that the property in the safe deposit box was not contemplated by the parties to be subject to the agreement. While the evidence in this case is susceptible to different interpretations concerning the ownership of the items in the safe deposit box, we believe that the family court's interpretation is the correct one.

We agree with the family court's view that both parties acted in good faith in asserting their respective positions and neither party willfully violated any court order. Generally, the award of attorney fees lies within the discretion of the family court. *Nienow v. Nienow,* 268 S. C. 161, 232, S. E. (2d) 504 (1977). We affirm that portion of the lower court's order which requires each party to bear his own attorney fees and costs.

On remand, the disputed inherited/gift property shall be divided according to its value with the wife receiving use and possession of a majority of this property pursuant to the agreement.

Affirmed in part; reversed in part, and remanded.