1833

Kay CARROLL, Appellant v. William D. CARROLL, Respondent.

(419 S.E. (2d) 801)

Court of Appeals

*Stuart G. Anderson, Jr.,* and *John H. Kingsbury,* Greenville, *for appellant.*

*Robert M. Rosenfeld,* Greenville, *for respondent.*

Heard April 6, 1992.

Decided June 8, 1992.

SHAW, Judge:

Appellant-wife, Kay Carroll, brought this action seeking a divorce, equitable division of marital property, and alimony. Respondent-husband, William D. Carroll, answered and counterclaimed seeking the denial of support for the wife based on wife's ability to support herself. The family court granted the wife a divorce on the grounds of habitual drunkenness, awarded the wife an aggregate sum of $7,200 in support to be paid at the rate of $800 per month for nine months, and divided the marital property and debts. The wife appeals. We affirm in part and remand in part.

The parties were married on November 1, 1985, this being a

second marriage for both. At the time of the divorce hearing, the wife was 44 years old and the husband was 54. The parties separated in June 1989 after little more than 3½ years of marriage. During the marriage, the husband was employed at Cryovac, where he had been working for 20 years and was earning a gross income of approximately $63,000 a year. The wife who had 15½ years experience as a secretary, was employed full time for part of the marriage but was unemployed at the time of the final hearing contending she was disabled and, therefore, unable to work. She was, however, employed at the time of separation, earning between $14,000 and $15,000 a year.

## I. ALIMONY

The wife first contends the trial judge erred in awarding her only $7,200 in alimony. She argues the award is a lump sum award to which the parties did not consent and for which no special circumstances were found. Alternatively, she argues the award was in actuality an award of rehabilitative alimony for which there was no evidence demonstrating her self-sufficiency at the expiration of the ordered payments.

Lump sum alimony is appropriate upon a finding of special circumstances. *Wingard v. Wingard*, 288 S.C. 644, 344 S.E. (2d) 191 (Ct. App. 1986). Lump sum awards are not favored and should be given only in exceptional cases or when consented to. Such an award must be supported by some impelling reason for its necessity or desirability. *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988). Similarly, rehabilitative alimony may be awarded only upon a showing of special circumstances justifying a departure from permanent, periodic support. There must be evidence demonstrating the self-sufficiency of the supported spouse at the expiration of the ordered payments in order for rehabilitative alimony to be granted. *Id.*

The family court found the wife failed to offer any expert testimony to support her contention that she was suffering from any mental, emotional or medical condition that would impair her current ability to work in her field of training. He further found the wife had employment skills and was capable of supporting herself, although she was not working at the time of the hearing. He further noted the hus-

band's conduct contributed to the ultimate failure of the marriage, although the wife "was not free of fault." He thus concluded the husband should contribute to the support of the wife and ordered him to pay the wife "as his total support obligation the sum of Seven Thousand Two Hundred ($7,200.00) Dollars payable at the rate of Eight Hundred ($800.00) Dollars per month for nine (9) consecutive months commencing August 1, 1990."

At no point in his order did the family court judge designate the type of alimony he was awarding. Clearly, it is either lump sum or rehabilitative in nature. As both types require a finding of special circumstances to justify such an award, and as no such findings were made we remand the issue of alimony to the family court for reconsideration. Upon remand, the trial judge must determine what type of alimony is most likely to do justice in this case and, based upon his findings of fact and upon consideration of the factors in making such awards,[1] decree either periodic alimony, lump-sum alimony or rehabilitative alimony.

## II. EQUITABLE DIVISION

The wife further alleges several errors on the part of the trial judge in equitably dividing the marital property. She contends the trial judge erred in failing to find a condominium had been transmuted into marital property, in ordering a division of certain personal marital property, and in valuing the husband's pension plan. We disagree.

## A. CONDOMINIUM

The record reveals the husband purchased a condominium in January of 1985. Approximately one month prior to their marriage, the wife began living in the condominium with the husband. They continued to live there until July of 1987 when they purchased a house. The husband testified no improvements were made to the property aside from ordinary maintenance and that the property was being

---

[1] The factors to be considered in awarding permanent, periodic alimony are set forth in *Lide v. Lide*, 277 S.C. 155, 283 S.E. (2d) 832 (1981). For lump-sum alimony, the factors are set forth in *Atkinson v. Atkinson*, 279 S.C. 454, 309 S.E. (2d) 14 (Ct. App. 1983) and for rehabilitative alimony they are set forth in *Johnson v. Johnson*, supra.

leased for less than the monthly mortgage payment and had little equity with an appraised value of $58,800 and a lien of $57,929. The trial judge held the condominium, titled solely in the name of the husband, was owned by him prior to the marriage and had not been transmuted.

It is well settled that a spouse claiming an equitable interest in property upon dissolution of the marriage has the burden of proving the property is part of the marital estate. *Roberts v. Roberts*, 296 S.C. 93, 370 S.E. (2d) 881 (Ct. App. 1988). In certain circumstances, nonmarital property may be transmuted into marital property during the marriage. Generally, transmutation is a matter of intent to be gleaned from the facts of each case and the mere use of separate property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation. *Johnson*, supra. Based on the record before us, we find no error in the family court's finding that the condominium was not transmuted.

## B. DIVISION OF PERSONAL PROPERTY

The wife also contends the trial judge erred in directing the husband to value the marital personal property and divide it into two equal groups, with the wife responsible for selecting one of the groups. She argues this method is unfair. We disagree. We first note that the order clearly directs the wife to prepare two lists dividing the marital property setting forth an equal division from which the husband is to select the property of one of the lists. The trial judge had previously found the parties were entitled to an equal division of marital property. It is difficult to see how this method is unfair to the wife. Certainly, the trial judge could have divided the property into what he found to be two equal groups without any input from the wife. The manner in which the trial judge ordered the division allows the wife to determine what kind of division would be fair to both parties. We find no error in the trial judge's ruling on this matter. *See Coxe v. Coxe*, 294 S.C. 291, 363 S.E. (2d) 906 (Ct. App. 1987) (family court judges are given broad jurisdiction in the equitable distribution of marital property and the trial judge may use any reasonable means to divide the estate equitably).

## C. PENSION PLAN

The wife further contends the trial judge erred in dividing the husband's pension plan arguing the testimony of the husband's expert and the documentary evidence did not support such an award. We disagree. Although the trial judge did not accept the expert's method of calculation of the value of the marital portion of the plan in totality, he accepted the basic premise with a minor change which worked to the advantage of the wife. The wife having failed to offer evidence to the contrary, it was within the discretion of the trial judge to make a ruling based on the expert opinion of the husband's witness. *Ray v. Ray*, 296 S.C. 350, 372 S.E. (2d) 910 (Ct. App. 1988).

## III. HEALTH INSURANCE

Finally, the wife alleges error in the failure of the trial judge to consider and rule on her request to continue as a participant under the husband's hospitalization plan. we disagree. The wife's complaint failed to set forth such a request and there is nothing in the record to indicate the issue was properly raised before the trial judge. A thorough review of the record reveals the only mention of health insurance was where the wife testified she would be unable to continue treatment of a health condition without insurance benefits, she did not have any individual insurance benefits and, during the marriage, she was covered through the husband's employer. Having failed to properly raise the issue before the trial judge, this issue is not, preserved on appeal. *See Roche v. S.C. Alcoholic Beverage Control Commission*, 263, S.C. 451, 211 S.E. (2d) 243 (1975) (the purpose of an appeal is to determine whether the trial judge erroneously acted or failed to act and where the appellant's contentions are not presented or passed on by the trial judge, such contentions will not be considered on appeal).

For the foregoing reasons, the order below is affirmed in part and remanded in part.

Affirmed in part and remanded in part.

SANDERS, C.J., and GARDNER, J., concur.