628 S.E.2d 37

**Miriam M. GARDNER, Respondent,**

v.

**James Troy GARDNER, (By James Troy Gardner, Jr. His Personal Representative), Appellant.**

**No. 26126.**

Supreme Court of South Carolina.

Heard Feb. 14, 2006.

Decide March 13, 2006.

Douglas J. Robinson, of Camden; and Thomas M. Neal, III, of Columbia, for Appellant.

Michael W. Self and Emma I. Bryson, both of McDougall & Self, of Columbia, for Respondent.

Chief Justice TOAL:

This action arises out of the divorce of Miriam M. Gardner (Wife) and James Troy Gardner (Husband). At issue is whether the family court erred in distributing the marital property between the parties. We affirm the family court's ruling.

### Factual/Procedural Background

Husband and Wife were married in December of 1956. In March of 2001 the couple separated. In April of 2001 Wife filed for separate support and maintenance, alimony, and equitable distribution. In March of 2002, during the litigation, Husband died. As a result, the personal representative of his estate, James Troy Gardner, Jr. (Son), was substituted as a party to this litigation.

In March of 2004, the family court issued an order in the case identifying, valuing, and distributing the marital property between the parties (60% to Wife and 40% to Husband) pursuant to the family court's consideration of the equitable distribution statute. Husband appealed.

This case was certified by this Court pursuant to Rule 204(b), SCACR. As a result, the following issues are before this Court:

I.  Did the family court err in valuing and distributing the marital assets between the parties?

II. Did the family court err in awarding attorney's fees to Wife?

## I. Marital Assets

Husband argues that the family court erred in identifying, valuing, and distributing the marital assets. We disagree.

■ In making an equitable distribution of marital property, the court must (1) identify the marital property, both real and personal, to be divided between the parties; (2) determine the fair market value of the identified property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place. *Johnson v. Johnson*, 296 S.C. 289, 293, 372 S.E.2d 107, 110 (Ct.App.1988).

■ In general, marital property subject to equitable distribution is valued as of the date the marital litigation is filed or commenced. *Fields v. Fields*, 342 S.C. 182, 186, 536 S.E.2d 684, 686 (Ct.App.2000). However, the parties may be entitled to share in any appreciation or depreciation in marital assets occurring after separation but before divorce. *See Dixon v. Dixon*, 334 S.C. 222, 228, 512 S.E.2d 539, 542 (Ct.App.1999) (stating that because our family courts handle a large number of cases, there often is a substantial delay between the commencement of an action and its ultimate resolution. Thus, it is not unusual for the value of marital assets to change between the time the action was commenced and its final resolution.)

In the present case, Husband argues the family court erred in the valuation of several marital assets. Husband's retirement account is the asset at the center of this disagreement. While the litigation was pending, Husband died. As a result of Husband's death, the retirement account ceased to exist. However, other assets awarded to both Husband and Wife also declined in value during the litigation. Further, Husband failed to offer any evidence of appropriate values for the

marital property at the family court level and does not offer any suggestion of value in the brief before this Court.

Accordingly, we hold that the date of the filing of the litigation should be used as the date of valuation in the present case. In addition, we hold that a court reviewing a property distribution must look at the appreciation or depreciation of marital assets with regard to the entire martial estate and not the assets individually.

Therefore, we affirm the family court's decision using the date of filing to determine the value of the marital assets. Further, we hold that the family court correctly looked at the entire marital estate's changed value.

## CONCLUSION

For the foregoing reasons, we affirm the family court's decision. In determining how marital property should be divided, the family court considered all the relevant factors, including the situation of the parties at the time of the divorce, and made the appropriate division of the property.

Regarding the remaining issues, we affirm pursuant to Rule 220, SCACR and the following authority: *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991); *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct.App.1987); and S.C.Code Ann. § 20–7–472 (Supp.2005).

MOORE, BURNETT, PLEICONES, JJ., and Acting Justice MARK J. HAYES, II, concur.