719 S.E.2d 261

**Preston D. WANNAMAKER, Appellant,**

v.

**Katherine Thomas WANNAMAKER, Respondent.**

No. 4848.

Court of Appeals of South Carolina.

Heard Nov. 4, 2010.

Decided June 29, 2011.

Withdrawn, Substituted, and Refiled Aug. 11, 2011.

594

April P. Counterman, of Chester, for Appellant.

C. Cantzon Foster, II, of Columbia, for Respondent.

LOCKEMY, J.

In this domestic action, Preston D. Wannamaker (Husband) appeals the family court's award of alimony to Katherine Thomas Wannamaker (Wife) and the court's valuation of the

parties' retirement accounts. We affirm in part and reverse in part.

## FACTS

Husband and Wife were married in December 1991, and no children were born as a result of the marriage; however, Wife had two children from a previous marriage. During the first seven years of the parties' marriage, Husband was the primary provider and earned approximately $30,000 per year. Wife did not work outside the home.

Subsequently, Husband lost his job, returned to school, and earned an undergraduate and two master's degrees. After completing his education, Husband secured employment as an instructor at Midlands Technical College and earned approximately $60,000 per year between 2002 and 2006. When Husband lost his job, Wife secured employment with the State of South Carolina, earning approximately $30,000 per year. Wife's income was the parties' primary, but not the sole, means of support while Husband completed his education. Although Wife attended college in the mid–1970s, she never finished her undergraduate degree. The parties separated in January of 2006, and Husband initiated this action for divorce in March 2006.

In June 2006, the family court issued a temporary order providing: "In lieu of alimony to be paid [Wife], Husband is hereby ordered to continue paying $50.00 per month to the Department of Mental Health" for drug abuse treatment for Wife's son. The temporary order did not otherwise mandate alimony. Wife received the sole and exclusive use of the marital home, and Husband was ordered to pay the first mortgage, while Wife was ordered to pay the second mortgage.

After a final hearing, the family court issued a final decree of divorce declaring the parties divorced. The family court awarded Wife $500 per month in permanent periodic alimony beginning in May 2008. Although Husband presented expert testimony establishing the present day value of the parties' accounts, the family court used the date of filing valuation. To effectuate a fifty-fifty equitable division of the marital estate, the family court awarded Wife $42,977 from Husband's ac-

count. Husband also received credit for all payments he made on the first mortgage pursuant to the temporary order.

Wife filed a 59(e), SCRCP, motion requesting the family court reconsider its decision to not award her attorney's fees and credit her the payments she made on the second mortgage. Husband also filed a 59(e) motion maintaining the family court erred in awarding permanent periodic alimony and valuing the parties' retirement accounts.

After a hearing, the family court amended the final decree of divorce. The amended order awarded Wife credit for the second mortgage payments she made pursuant to the temporary order. The family court also awarded Wife retroactive alimony and required Husband to pay Wife $500 for each month from the date of the temporary order through April 2008.[1] The order further provided the retroactive alimony payment was due upon the sale of the marital home and was to be deducted from Husband's portion of the net proceeds from the sale. This appeal followed.

## STANDARD OF REVIEW

"In appeals from the family court, this Court reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Accordingly, this court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Lewis v. Lewis*, 392 S.C. 381, 384, 392, 709 S.E.2d 650, 651, 655–56 (2011). However, we recognize that the family court is in a superior position to determine the credibility of the witnesses and the weight of the evidence. *See id.* at 392, 709 S.E.2d at 655–56. The burden is on the appellant to demonstrate the family court's findings are against the preponderance of the evidence. *Id.*

## LAW/ANALYSIS

### I. Permanent Periodic Spousal Support

 Husband argues the family court abused its discretion because it improperly weighed several factors in awarding Wife permanent periodic spousal support. We disagree.

 Alimony is a substitute for the support normally incident to the marital relationship and should put the sup-

---

1. This totaled $12,500.00.

ported spouse in the same position, or as near as is practicable to the same position, enjoyed during the marriage. *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.App.2001). If an award of alimony is warranted, the family court has a duty to make an award that is fit, equitable, and just. *Id.* The family court may grant alimony in such amounts and for such a term as it considers appropriate under the circumstances. *Davis v. Davis*, 372 S.C. 64, 79, 641 S.E.2d 446, 454 (Ct.App. 2006). The family court must consider the following factors: (1) duration of the marriage, (2) the physical and emotional health of the parties, (3) educational background of the parties, (4) employment history and earning potential of the parties, (5) standard of living during the marriage, (6) current and reasonably anticipated earnings of the parties, (7) current and reasonably anticipated expenses of the parties, (8) marital and nonmarital property of the parties, (9) custody of the children, (10) marital misconduct or fault, (11) tax consequences, (12) prior support obligations, and (13) any other factors the family court considers relevant. S.C.Code Ann. § 20–3–130(C) (Supp.2010). However, "[t]he family court is only required to consider relevant factors." *King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 613 (Ct.App.2009); *see also Epperly v. Epperly*, 312 S.C. 411, 415, 440 S.E.2d 884, 886 (1994) (remanding for consideration of all relevant factors in section 20–3–130(C)).

■ Husband maintains the family court improperly weighed several factors in awarding Wife permanent periodic alimony. The record reflects the family court considered the relevant statutory factors, but it is difficult to determine how the family court applied those factors because the final decree of divorce merely lists the factors considered without making specific findings of fact and conclusions of law. When an order of the family court violates Rule 26(a), SCRFC, by failing to set forth specific findings of fact and conclusions of law, this court may remand the matter to the family court or make its own findings of fact in accordance with the preponderance of the evidence if the record is sufficient to allow such a review. *Griffith v. Griffith*, 332 S.C. 630, 646–47, 506 S.E.2d 526, 535 (Ct.App.1998). We find the record in the instant case is sufficient to allow such a review.

Here, the parties were married for sixteen years. Nothing in the record indicates the parties have any physical or mental

health issues. Husband has a bachelor of science degree in mathematics and master's degrees in computer resources and information systems management and business administration. Wife is a high school graduate and attended college classes in the 1970s. Husband's current and reasonably anticipated earnings are approximately $60,000 per year while Wife's are approximately $30,000 per year. The parties current and reasonably anticipated expenses are approximately equal. However, Husband's personal credit card debt is substantially higher than Wife's. The parties each have retirement and stock accounts in their own names, though some portion of each may be marital property. The parties stipulated that Husband's stock account was non-marital. Because no children were born of the parties' marriage, custody is not an issue. Although Wife alleged Husband may have committed adultery, the parties stipulated to a divorce on grounds of one year's continuous separation. Additionally, the record does not reveal any tax consequences or prior support obligation owed by either party.

In sum, the parties have been married for sixteen years. Husband has the ability to pay $500 per month from his $5,392 gross monthly income and neither party is more at fault than the other in the breakdown of the marriage. Further, Wife's education and age appear to cap her future earning potential at approximately $30,000 per year. See Patel v. Patel, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) (finding when awarding permanent periodic alimony the three important considerations are "(1) the duration of the marriage; (2) the overall financial situation of the parties, especially the ability of the supporting spouse to pay; and (3) whether either spouse was more at fault than the other."). Based on a preponderance of the evidence in the record and the statutory factors, we hold the award of permanent periodic alimony is proper.

## II. Retroactive Alimony

Husband argues the family court abused its discretion in awarding retroactive alimony. We agree.

Initially, the primary thrust of Husband's argument is that the family court erred in increasing his spousal support obligation retroactively without a showing of changed circum-

stances pursuant to section 20–3–170 of the South Carolina Code (1985).[2] Husband's argument misconstrues the family court's order. The family court did not issue an order modifying a prior support obligation. Rather, the family court issued an order amending its final decree of divorce pursuant to Rule 59(e) motions filed by the parties. Accordingly, section 20–3–170 is inapplicable, and Wife was not required to show a change in circumstances.

Husband further argues the family court erred in amending the final decree of divorce to award Wife retroactive alimony when no such request was made. Here, Wife filed a Rule 59(e) motion requesting the family court reconsider its failure to award her attorney's fees and credit for the second mortgage payments she made pursuant to the temporary order. Although Wife attempted to justify her entitlement to the credit by arguing there was no award of temporary alimony, Wife never requested the family court reconsider its decision not to award her retroactive alimony in the final decree of divorce. After the Rule 59(e) hearing the family court issued an order amending the final decree of divorce to award Wife retroactive alimony and credit for the second mortgage payments.

 The family court lacks the authority to alter or amend a judgment on its own initiative once the judgment is more than ten days old. *Heins v. Heins*, 344 S.C. 146, 157, 543 S.E.2d 224, 230 (Ct.App.2001). Here, the final decree of divorce was filed on August 7, 2008. Wife filed a motion to alter or amend the judgment on August 20, 2008, and a hearing was held on September 3, 2008. The order amending the final decree of divorce and awarding Wife retroactive alimony was filed approximately two months after the final decree of divorce on October 6, 2008. Because the family court awarded Wife retroactive alimony on its own initiative more than ten days after the final decree of divorce, we find the family court erred in awarding Wife retroactive alimony.

### III. Equitable Distribution

 Husband argues the family court abused its discretion in determining the value of the parties' retirement accounts.

---

**2.** Section 20–3–170 provides that a prior award of alimony is modifiable upon a showing of changed circumstances.

600

According to Husband, the family court erred because it disregarded the testimony of his expert witness establishing the present cash value of the parties' retirement accounts. We disagree.

Husband presented expert testimony at trial to establish the present cash value of the parties' retirement accounts. However, Wife requested the family court value the accounts based upon the actual contributions and interest as of the date of filing. The family court opted to value the parties' retirement accounts based upon the amount of contributions and interest as of the date of filing. Because marital property subject to equitable distribution is valued as of the date the marital litigation is filed, we find the family court did not err in using the date of filing to determine the value of the parties' retirement accounts. *See Gardner v. Gardner*, 368 S.C. 134, 136, 628 S.E.2d 37, 38 (2006) (holding marital property subject to equitable distribution is valued as of the date the marital litigation is filed or commenced).

## CONCLUSION

For the foregoing reasons, we affirm the family court's decisions regarding permanent periodic alimony and equitable distribution. However, we reverse the family court's award of retroactive alimony.

**AFFIRMED IN PART AND REVERSED IN PART.**

HUFF and KONDUROS, JJ., concur.