**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Mitchell, Appellant,

v.

Effie Mae Mitchell, Respondent.

Appellate Case No. 2010-160046

_____

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge

_____

Unpublished Opinion No. 2012-UP-364
Submitted June 4, 2012 – Filed June 20, 2012

_____

**AFFIRMED AS MODIFIED**

_____

Diane P. DeWitt, of Law Office of Diane P. DeWitt, of
Beaufort, for Appellant.

Effie Mae Mitchell, pro se, for Respondent.

_____

**PER CURIAM:** Christopher Mitchell (Husband) appeals the family court's
divorce decree, arguing the family court made a mathematical error in equitably
dividing the marital property. Specifically, Husband asserts the family court erred
in ordering him to pay Wife $160,133 "to equalize the property division" because

the actual result, wherein Wife received seventy percent of the marital estate, was inequitable. Husband also argues the family court erred in failing to apportion the debt attached to a jointly held credit card. We affirm as modified.

1. We find the family court made a mathematical error in its division of the marital estate. "In appeals from the family court, [appellate courts] review[] factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Nonetheless, "de novo review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court." *Lewis v. Lewis*, 392 S.C. 381, 388-89, 709 S.E.2d 650, 654 (2011). In equitably distributing a marital estate, the family court must:

> . . . (1) identify the marital property, both real and personal, to be divided between the parties; (2) determine the fair market value of the identified property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place.

*Gardner v. Gardner*, 368 S.C. 134, 136, 628 S.E.2d 37, 38 (2006). The language of the order indicates the family court intended to divide the marital estate equally between Husband and Wife.[1] We find the total value of the marital estate is $385,916.30. Half of the total value, and the total amount each party is entitled to receive, is $192,958.15. Wife received $110,162 in marital property, which is $82,796.15 less than $192,958.15. Husband received $275,754.30 in marital property, which is $82,796.15 more than $192,958.15. If Husband pays Wife $82,796.15, the parties' shares will be equal: each party will receive exactly half

---

[1] To the extent Husband seeks an unequal apportionment of the marital estate, this issue is not preserved. "To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court." *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006). Moreover, Husband concludes in his brief that, alternatively, this court should "modify [t]he Final Decree of Divorce so as to equally divide the marital estate and credit card debt."

the total value of the marital estate. Accordingly, we reduce the lump sum Husband must pay Wife to $82,796.15 and order him to pay this amount to Wife within one hundred twenty days from the date this opinion. In addition, we strike the separate award of $5,133 the family court imposed to balance the values of the parties' automobiles.

2. We find the family court erred in failing to equitably apportion the Visa debt. As a threshold matter, we find the Visa debt was marital in nature.

> For purposes of equitable distribution, "marital debt" is debt incurred for the joint benefit of the parties regardless of whether the parties are legally jointly liable for the debt or whether one party is legally individually liable. The same rules of fairness and equity that apply to the equitable distribution of marital property also apply to the equitable division of marital debts.

*King v. King*, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009) (internal citations and quotation marks omitted). Marital debt includes "any other existing debts incurred by the parties or either of them during the course of the marriage." S.C. Code Ann. § 20-3-620(13) (Supp. 2011). This provision "creates a presumption that all debts[,] regardless of who created them[,] are marital debts." *Hardy v. Hardy*, 311 S.C. 433, 437, 429 S.E.2d 811, 814 (Ct. App. 1993). The party who claims a spouse's debt was not marital bears the burden of proving his assertion. *Id.* The March 8, 2006 bill for the Visa debt reflects an outstanding balance of $2,497.08, as well as a monthly finance charge of $29.98, for a total of $2,542.06. The evidence in the record suggests one or both parties increased the balance on the Visa debt in a short period of time but does not indicate which party did so. Wife offered no proof beyond her own testimony that the Visa debt belonged to Husband alone. No evidence suggests which party incurred the charges or who benefited from them.

3. We apportion the Visa debt equally between the parties, subject to the following terms. Although marital debt is part of the marital estate, we address the Visa debt separately from the rest of the estate to avoid confusion. As of March 8, 2006, shortly before Husband filed for divorce, the total Visa debt was $2,542.06. Dividing that amount equally between Husband and Wife, each party's share of the debt is $1,271.03. However, at trial, the parties agreed Husband had made no payments toward the debt, while Wife had made payments that reduced the debt to

$1,809.47.  Based upon these facts, we find Wife made payments of at least $732.59 toward the Visa debt.  We further find Husband allowed this joint debt to languish for three years during pendency of the suit while Wife attempted to pay it down.  As Husband observed in his motion for reconsideration, one result of the failure to pay the Visa debt was the entry of a judgment against both parties.  In view of our findings concerning the parties' payments toward this debt during the pendency of their divorce action, we require Wife to pay the remaining $538.44 of her share of the debt as it existed at the time Husband filed suit.  We require Husband to pay his full share, as well as any additional outstanding charges and interest that may have been imposed in the interim.  If Husband alone pays off the entire amount of the judgment relating to the Visa debt, he may deduct the $538.44 apportioned to Wife from the $82,796.15 he owes her.

Accordingly, the order of the family court is

**AFFIRMED AS MODIFIED.**

**FEW, C.J., SHORT, J., and CURETON, A.J., concur.**