**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Edward Altman, Sr., Appellant/Respondent,

v.

Ann Tarascio Altman, Respondent/Appellant.

Appellate Case No. 2008-107646

———————

Appeal From Newberry County
Joseph W. McGowan, III, Family Court Judge
W. Marsh Robertson, Family Court Judge

———————

Unpublished Opinion No. 2013-UP-171
Heard April 1, 2013 – Filed April 24, 2013

———————

**AFFIRMED**

———————

James Edward Altman, Sr., pro se.

Thomas M. Neal, III, of Columbia, for
Respondent/Appellant.

———————

**PER CURIAM:** This consolidated appeal arises from a final order of divorce and from an order finding the parties' mediation agreement is not binding. On appeal, Respondent/Appellant Ann Altman (Wife) argues the family court erred by finding no binding agreement exists between the parties. Appellant/Respondent James

Altman (Husband) argues the family court erred by: (1) finding Husband's pension is both a marital asset and income; (2) finding the 81-acre Peak Property is marital property; (3) valuing the 8.57-acre Peak Property; (4) finding Husband did not seek contribution from Wife for any debt in his name; (5) finding the Twisted Hill property is nonmarital; (6) awarding the lake lot to Wife; (7) accepting Wife's appraisal of the 8.57-acre Peak Property instead of Husband's appraisal; and (8) equitably dividing the marital estate. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred by finding no binding mediation agreement exists between the parties: *Swentor v. Swentor*, 336 S.C. 472, 482, 520 S.E.2d 330, 336 (Ct. App. 1999) (noting "family courts will refuse to approve agreements under essentially the same circumstances that would render any other type of contract unenforceable"); *Davis v. Greenwood Sch. Dist. 50*, 365 S.C. 629, 634, 620 S.E.2d 65, 67 (2005) ("In order for a contract to be valid and enforceable, the parties must have a meeting of the minds as to all essential and material terms of the agreement."); Rule 6(g), ADR Rules ("Upon the parties reaching an agreement, the mediator shall provide a Memorandum of Agreement to the parties, attorneys of record, and guardians ad litem of record. It is the obligation of the parties to seek approval of the agreement by the family court.").

2. As to whether the family court erred by finding Husband's pension was both a marital asset and income: *Smith v. Smith*, 308 S.C. 372, 375, 418 S.E.2d 314, 316 (Ct. App. 1991) ("[T]he two common methods of valuing pensions [ ] are: (1) present cash value, and (2) distribution from each payment."); S.C. Code Ann. § 20-3-630 (B) (Supp. 2012) ("The court does not have jurisdiction or authority to apportion nonmarital property."); *Carroll v. Carroll*, 309 S.C. 22, 27, 419 S.E.2d 801, 804 (Ct. App. 1992) (noting wife could not challenge court's valuation of husband's pension plan where she failed to offer evidence to the contrary of husband's expert's valuation); *Murphy v. Murphy*, 319 S.C. 324, 328, 461 S.E.2d 39, 41 (1995) (stating "the portion of a pension attributable to the period of time that a spouse is employed before the marriage is non-marital property"); *Smallwood v. Smallwood*, 392 S.C. 574, 583, 709 S.E.2d 543, 548 (Ct. App. 2011) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not."); *Pittman v. Pittman*, 395 S.C. 209, 218, 717 S.E.2d 88, 92 (Ct. App. 2011) ("[A]n award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion.").

3.  As to whether the family court erred by finding the 81-acre Peak Property is marital property: S.C. Code Ann. § 20-3-630(A) (Supp. 2012) (defining "marital property" as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation").

4.  As to whether the family court erred by accepting Wife's appraisal instead of Husband's appraisal for the 81-acre Peak Property: *Skipper v. Skipper*, 290 S.C. 412, 414, 351 S.E.2d 153, 154 (1986) (stating absent an agreement between the parties otherwise, the family court should divide property according to value); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006) (stating in valuing marital assets, the "family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented"); *Fitzwater v. Fitzwater*, 396 S.C. 361, 369, 721 S.E.2d 7, 11 (Ct. App. 2011) (noting the family court may use "any reasonable means to divide the property equitably"); *Smith v. Smith*, 294 S.C. 194, 198, 363 S.E.2d 404, 407 (Ct. App. 1987)  ("The weight that the trial court affords the testimony of witnesses, including parties, is discretionary with the trial court.").

5.   As to whether the family court erred by finding a $6,500 per acre price for the 8.57-acre Peak Property: *Skipper*, 290 S.C. at 414, 351 S.E.2d at 154 (stating absent an agreement between the parties otherwise, the family court should divide property according to value); *Pirri*, 369 S.C. at 264, 631 S.E.2d at 283 (stating in valuing marital assets, the "family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented"); *Smith*, 294 S.C. at 198, 363 S.E.2d at 407 ("The weight that the trial court affords the testimony of witnesses, including parties, is discretionary with the trial court.").

6.  As to whether the family court erred by finding Husband did not seek contribution from Wife for any debt in his name: *Myers v. Myers*, 391 S.C. 308, 313, 705 S.E.2d 86, 89 (Ct. App. 2011) ("In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence."); *id*. at 317, 705 S.E.2d at 91 ("The division of marital property is within the family court's discretion and will not be disturbed on appeal absent an abuse of that discretion."); S.C. Code Ann. § 20-3-620(B)(13) (Supp. 2012) (stating in apportioning marital property, the court must consider "liens and any other encumbrances upon the marital property, which themselves must be equitably divided, or upon the separate property of either of the parties, and any other existing debts incurred by the parties or either of them during the course of

the marriage"); *Kennedy v. Kennedy*, 389 S.C. 494, 502, 699 S.E.2d 184, 188 (Ct. App. 2010) ("Section 20-3-620(B)(13) creates a rebuttable presumption that a debt of either spouse incurred prior to the beginning of marital litigation is a marital debt and must be factored in the totality of equitable apportionment.").

7. As to whether the family court erred by finding the Twisted Hill property is nonmarital property: *Smallwood*, 392 S.C. at 583, 709 S.E.2d at 548 ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

8. As to whether the family court erred by awarding the lake lot to Wife: *Myers*, 391 S.C. at 313, 705 S.E.2d at 89 ("In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence."); *id*. at 317, 705 S.E.2d at 91 ("The division of marital property is within the family court's discretion and will not be disturbed on appeal absent an abuse of that discretion."); *Fitzwater*, 396 S.C. at 369, 721 S.E.2d at 11 (noting the family court may use "any reasonable means to divide the property equitably").

9. As to whether the family court erred by apportioning the marital estate: *Reiss v. Reiss*, 392 S.C. 198, 211, 708 S.E.2d 799, 806 (Ct. App. 2011) ("The apportionment of marital property will not be disturbed on appeal absent an abuse of discretion."); S.C. Code Ann. § 20-3-620(B) (Supp. 2012) (providing fifteen factors the family court is to consider in apportioning the marital estate, but also affording the family court discretion to give such weight to each factor as it finds appropriate); *Fitzwater*, 396 S.C. at 369, 721 S.E.2d at 11 ("On appeal, this court looks to the overall fairness of the apportionment, and it is irrelevant that this court might have weighed specific factors differently than the family court.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**