**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michelle Lynne Messina Johnson, Respondent-Appellant,

v.

Jon Alex Johnson, Appellant-Respondent.

Appellate Case No. 2023-000874

---

Appeal from Pickens County
Jessica Ann Salvini, Family Court Judge

---

Unpublished Opinion No. 2026-UP-259
Heard April 14, 2026 – Filed June 3, 2026

---

**AFFIRMED AS MODIFIED IN PART, REVERSED IN PART**

---

Melissa D. Spivey, of The Spivey Law Group, LLC, of Mauldin, for Appellant-Respondent.

Robert Scott Dover, of Pickens, for Respondent-Appellant.

---

**PER CURIAM:** In this cross-appeal, Appellant-Respondent Jon Alex Johnson (Husband) argues the family court erred by: (1) ordering Husband to pay retroactive

child support and spousal support; (2) granting Respondent-Appellant Michelle Lynne Messina Johnson (Wife) permanent periodic alimony in the amount of $1,000 a month; (3) requiring Husband to pay private investigator fees and reimburse his daughter $2,100; (4) dividing the marital estate inequitably; (5) awarding Wife attorney's fees; and (6) setting an unreasonable payment schedule. Wife challenges the family court's denial of her motion to extend the time to sell the marital home. We affirm as modified in part and reverse in part.

**HUSBAND'S APPEAL**

I. As to whether the family court erred by awarding Wife retroactive alimony and child support, we hold the family court did not err because Husband concealed his new employment and, by his own testimony, was aware that he had a strong potential to make a similar income at his new employment. Thus, it was an error to reduce the child support and alimony obligations in a temporary order, and the family court redressed the error in its final order. *See* S.C. Code Ann. § 63-3-530(A)(25) (2010) (providing that the family court has exclusive jurisdiction "to modify or vacate any order issued by the court"); *Terry v. Terry*, 400 S.C. 453, 457, 734 S.E.2d 646, 648 (2012) ("The family court at the final hearing has the authority to redress any error from the temporary order.").

II. As to whether the family court erred by awarding Wife permanent periodic alimony instead of lump sum alimony, we hold the family court did not err because there were no special circumstances that warranted a lump sum alimony award. *See Rogers v. Rogers*, 432 S.C. 168, 192, 851 S.E.2d 447, 460 (Ct. App. 2020) ("Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." (quoting *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001))); *Johnson v. Johnson*, 296 S.C. 289, 301, 372 S.E.2d 107, 114 (Ct. App. 1988) ("If a claim for alimony is well founded, the law favors the award of permanent, periodic alimony."); *Carroll v. Carroll*, 309 S.C. 22, 24, 419 S.E.2d 801, 802 (Ct. App. 1992) ("Lump sum alimony is appropriate upon a finding of special circumstances. Lump sum awards are not favored and should be given only in exceptional cases or when consented to. Such an award must be supported by some impelling reason for its necessity or desirability." (citation omitted)); *Murdock v. Murdock*, 243 S.C. 218, 225, 133 S.E.2d 323, 326 (1963) (affirming a lump sum alimony award because a special circumstance existed when the spouse ordered to pay alimony was unwilling to provide support in regular installments); *Dearybury v. Dearybury*, 351 S.C. 278, 280, 569 S.E.2d 367, 368 (2002) (affirming a lump sum alimony award because a special circumstance existed when the spouse ordered to pay alimony might be

unable to make regular payments due to self-employment at a start-up company, rendering future earnings uncertain); *Richardson v. Richardson*, 309 S.C. 31, 36, 419 S.E.2d 806, 809 (Ct. App. 1992) (holding a special circumstance existed when there was an agreement between the parties for an award of lump sum alimony).

III. As to whether the family court erred by setting Wife's alimony amount at $1,000 a month, we hold the family court did not err because Husband failed to carry his burden of showing the family court committed an error or that the preponderance of the evidence is against the family court's findings. Husband asserts Wife inflated her expenses and the parties did not enjoy a high standard of living during the marriage, warranting a lower alimony award. However, the record reflects that Wife's inflated expenses and the parties' marital debt were accounted for in the alimony award of $1,000 a month. Husband offers no explanation as to why the award is still too high even with those facts taken into consideration in the family court's award. *Greene v. Greene*, 439 S.C. 427, 439–40, 887 S.E.2d 157, 164 (Ct. App. 2023) ("The appellant bears the burden of convincing the appellate court that the family court committed error or the preponderance of the evidence is against the family court's findings.").

IV. As to whether the family court erred by ordering Husband to pay the private investigator's fee to testify in court, we affirm the family court's order because the private investigator's testimony was necessary for Wife to meet her burden of proving Husband had an affair. We note Husband maintained his position that the breakdown of marriage was not due to his infidelity throughout the course of the action before the family court. Further, Husband also maintained that he did not have an affair with the individual named by Wife. The private investigator testified Husband had an affair with that individual—testimony that was necessary for Wife to establish Husband had an affair and that Husband used marital funds for his affair. *See Brown v. Brown*, 379 S.C. 271, 277, 665 S.E.2d 174, 178 (Ct. App. 2008) (providing that to receive a divorce on the ground of adultery, the spouse seeking the divorce must establish by clear and convincing evidence that infidelity occurred); *id.* at 278, 665 S.E.2d at 178. ("[A]dultery may be proven by circumstantial evidence that establishes both a disposition to commit the offense and the opportunity to do so.").

V. As to whether the family court erred by ordering Husband to reimburse his daughter $2,100, we reverse the family court because the check was not part of the marital estate and the court did not have the authority to apportion nonmarital property. S.C. Code Ann. § 20-3-630(A) (2014) ("The term 'marital property' . . . means all real and personal property which has been acquired by the parties during

the marriage . . . ."); S.C. Code Ann. § 20-3-630(B) (2014) ("The court does not have jurisdiction or authority to apportion nonmarital property."). Daughter was not a party to this case or even involved in this case because she was an adult at the time the action commenced. Thus, the check was not part of the marital estate, a fact the parties and the family court acknowledged.

VI. As to the equitable division of the marital estate, we affirm the family court's findings. We hold the valuation of the guns and the home contents was supported by credible testimony in this record. We note that Husband's testimony on these values was speculative at best while Wife's testimony reflected a thoughtful investigation of the value of the items. *See Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("We observed that de novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate [the] [] long-standing principle[] still recognized by our courts during the de novo review process: [] a trial judge is in a superior position to assess witness credibility . . . ."). As to the fair market value of the marital home, we agree that the family court should have assigned a value to the home. *See Gardner v. Gardner*, 368 S.C. 134, 136, 628 S.E.2d 37, 38 (2006) ("In making an equitable distribution of marital property, the court must (1) identify the marital property, both real and personal, to be divided between the parties; (2) determine the fair market value of the identified property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place."). However, we decline to reverse for assignment of the home's value because the profit from the sale of the home is set to be divided equally and thus, the division of the marital assets would not change. *See Stephens v. Draffin*, 327 S.C. 1, 6, 488 S.E.2d 307, 309 (1997) ("Error without prejudice does not warrant reversal."). As to the RC hobby cars, the equitable division chart already listed the item as awarded to Wife for $4,000 and Husband offers no argument as to why this was an error. *See Greene*, 439 S.C. at 439–40, 887 S.E.2d at 164 ("The appellant bears the burden of convincing the appellate court that the family court committed error or the preponderance of the evidence is against the family court's findings."). As to the student loan debt, Husband failed to provide any evidence as to how much, if any, of Wife's premarital student loans had yet to be paid off. *Hardy v. Hardy,* 311 S.C. 433, 437, 429 S.E.2d 811, 814 (Ct. App. 1993) ("[T]he burden of proving a spouse's debt as non-marital rests upon that party who makes such assertion."). Finally, Husband's arguments related to the values of certain accounts or whether Wife had sold the Toyota Ring and gun safe are not preserved because Husband did not raise these arguments in his

motion to reconsider. *See Rummage v. BGF Indus.*, 434 S.C. 441, 455, 865 S.E.2d 380, 388 (Ct. App. 2021) (providing that a "rule of appellate preservation instructs an issue must be raised to and ruled upon to be preserved for appellate review").

VII. As to the award of attorney's fees to Wife, we affirm the award and its amount for the contempt action. However, for the attorney's fees award for the divorce action, we affirm the decision to award attorney's fees to Wife but modify the award amount to reflect that Wife had already paid her counsel $6,000. Thus, the appropriate award to Wife for the divorce action is $27,276.40. *Srivastava v. Srivastava*, 411 S.C. 481, 489, 769 S.E.2d 442, 447 (Ct. App. 2015) ("[I]f the family court decides to award attorney's fees to a particular party, the family court should weigh the following factors as set forth in *Glasscock v. Glasscock* in considering *how much* to award in attorney's fees and costs: '(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.'" (quoting *Farmer v. Farmer*, 388 S.C. 50, 57, 694 S.E.2d 47, 51 (Ct. App. 2010))).

VIII. As to the payment schedule, we affirm the family court's order with the following modification: Husband must pay, in addition to the $1,000 a month in alimony, $752 a month toward any obligations remaining after the sale of the marital residence. Husband's financial declaration revealed that after expenses, he had $1,752 remaining each month. The current payment schedule requires Husband to pay $1,782 in spousal support and to his financial obligations remaining after the sale of the marital home—thirty dollars more than his remaining funds after expenses. *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo.").

## WIFE'S APPEAL

Wife abandoned her appeal by failing to cite any legal authority to support her proposition and making only short, conclusory arguments. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding the appellant abandoned an issue when he failed to provide arguments or supporting authorities for his assertion). Accordingly, we do not reach the merits of Wife's appeal.

For the reasons stated above, the family court's order is

**AFFIRMED AS MODIFIED IN PART, REVERSED IN PART.**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**