21661

Mary Jane MEANS, Appellant, v. Charles Robert MEANS, Respondent.
(288 S. E. (2d) 812)

*Daniel T. Brailsford,* of *Williams & Williams,* Columbia, *for appellant.*

*Robert M. McInnis,* of *Jenrette, Wheless & McInnis,* North Myrtle Beach, *for respondent.*

March 4, 1982.

LITTLEJOHN, Justice:

On April 28, 1978, the Family Court issued a decree granting the Petitioner, Wife, a divorce and making various provisions regarding property and support, including an order that the Respondent, Husband, assign to the Wife all insurance policies "presently in force on his life making the said insurance policies the property of the petitioner [Wife], with her name as beneficiary and that Respondent [Husband] furnish continuing proof to the petitioner that the premiums on said policies are current; . . . ."

In June of 1978, the Husband surrendered to United Services Life Insurance Company a policy which had been in force on his life since prior to this litigation, and received therefor its cash surrender value of $7,664.00. This made an assignment impossible.

On August 17, 1979, the Family Court issued an order requiring Husband to show cause, if any he could, why he should not be held in contempt, for having disobeyed the previous order of the court by refusing to assign any of the said insurance policies. Pursuant to the order, testimony was taken by way of deposition and oral arguments were conducted before Judge Vaught. Judge Vaught issued what was styled a "Final Order", in which he held, *inter alia,* that the Husband was not in contempt, and that no financial reparation had to be made by virtue of the Husband having cashed in one of the policies.

From such order the Wife has appealed. The sole issue as taken from the Husband's brief is: "Should the Respondent

have been held in contempt for his alleged violation of the provisions of the Divorce Decree?"

After finding that the Husband had cashed in one of the policies, the Judge ruled:

I find that the life insurance policies now in the hands of the Court have not been assigned by the Respondent and should be so assigned after appropriate assignment language is entered on each policy by the attorney for the Petitioner. I have further concluded that Respondent has substantially complied with the intention of this Court's Order with regard to the subject life insurance policies and as such is not in contempt of this Court's previous Order.

We are of the opinion that the judge erred. In the divorce decree in dealing with the insurance policy matter, the Judge said:

FURTHER ORDERED that the respondent assign to the petitioner *all insurance policies presently in force on his life* making the said insurance policies the property of the petitioner with her named as beneficiary and that respondent furnish continuing proof to the petitioner that the premiums on said policies are current; . . .

(Emphasis added.)

It is clear to this Court that the Husband has willfully circumvented the direction of the trial judge not only by cashing in one of the policies but by failing to assign any of the policies until the hearing on the contempt matter some sixteen months later.

Section 14-21-650, Code of Laws of South Carolina (1976), provides: "Any adult who willfully violates, neglects or refuses to obey or perform any lawful order of the court . . . may be proceeded against for contempt of court." Once the moving party makes out a *prima facie* case of contempt by pleading the Order and showing its non-compliance, the burden shifts to the Respondent to establish his defense and inability to comply with the order. *Redick v. Redick*, 266 S. C. 241, 222 S. E. (2d) 758 (1976).

The lower court found Husband had substantially complied with the Court's order and refused to hold him in contempt. The record, however, indicates that Husband failed to assign any of the policies for well over a year and he also willfully violated the decree by cashing in one of his policies referred to in the divorce decree within one month after the decree was issued. All of this was in clear violation of the Court's order.

Husband's defense asserted in the trial court was that the policy cashed in was never expressly referred to in testimony at the prior divorce hearing. Also, as a defense, he asserted a need for the money for his son's education.

Determination of the issue of contempt is within the trial court's discretion. *Jackson v. Jackson*, 241 S. C. 1, 126 S. E. (2d) 855 (1962). The trial court's order refusing to hold a party in contempt should be reversed when the holding is based on a finding that is without evidentiary support or when there is, as here, an abuse of discretion. *Bearden v. Bearden*, 272 S. C. 378, 252 S. E. (2d) 128 (1979). *See also Brooks v. Brooks, et al.*, S. C., 286 S. E. (2d) 669 (1982).

The Wife is entitled to have her rights restored. Accordingly, it will be the duty of the trial judge to determine an appropriate method of making her whole again, by paying to her the amount the Husband received for the policy wrongfully cashed or procuring another policy of insurance providing equal benefits to the Wife, and for such other relief as may appear appropriate.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concurr.