1835

Carolyn R. RICHARDSON, Respondent v.
Jesse J. RICHARDSON, Appellant.

(419 S.E. (2d) 806)

Court of Appeals

---

*Anthony B. O'Neill*, Charleston, *for appellant.*

*Patricia L. Wise* and *Andrew Gowder, Jr.*, Charleston, *for respondent.*

Heard April 7, 1992.

Decided June 8, 1992.

SHAW, Judge:

Respondent-wife, Carolyn R. Richardson, brought a rule to show cause on November 6, 1989 asking that appellant-husband, Jesse J. Richardson and his mother, Annabelle Richardson, show cause why they had not complied with provisions of a divorce decree. The trial judge found the court had no jurisdiction over the husband's mother since she was not a named party in the divorce action. The judge further refused to hold the husband in contempt, but ordered him to pay the wife lump-sum alimony of $75,000. The husband appeals.[1] We affirm.

On July 23, 1984, the parties were divorced by decree of the family court. Approximately one month prior to the divorce, the husband was diagnosed as having cancer. At the time of the divorce, the husband was out of work and drawing sick leave pay due to his illness. The parties negotiated an agreement which was made a part of the divorce decree. The family court judge found the agreement provided adequate security for the wife's claim for alimony and that, based on the unusual circumstances, the agreement was fair and equitable to the parties.

The pertinent portion of the agreement at issue in this case reads as follows:

> The parties agree that the [wife] is entitled to an award of alimony, but because of the [husband's] medical condition, the parties agree that it shall not be paid currently in the form of periodic payments. The [husband] and the [husband's] mother have agree to deed to the [wife] their right, title and interest to the marital residence . . . and the [wife] has agreed to hold that title in trust pending the resolution of the [husband's] medical condition. Should the [wife] desire she may record the deed to that

---

[1] Although the wife argues in brief that the court should have found the husband's mother bound by the divorce decree, the wife did not appeal and the issue is therefore not properly before this court. Further, the Supreme Court, by order dated May 23 1991, dismissed Annabelle Richardson as a party to the appeal.

home and pay the [husband's] mother the fair market value for the real estate upon which the marital residence is located as of the date of the transfer, even if the [husband] should pass away. Should the [husband's medical condition improve, then the [wife] shall have the option of either accepting title to the marital residence from the [husband] and the [husband's] mother as outlined hereinabove in full satisfaction of her right to alimony, past and future, as lump sum alimony or she may take a life estate in the marital residence and the real estate with the remainder to the [husband's] mother and seek a hearing to determine whether or not she is entitled to periodic alimony payments from the [husband] should he be able to return to work and should he be able to pay, and should the [wife] need the same, giving the [husband] full credit for the value of the life estate to the [wife]. If the [wife] elects to remarry, cohabitate with another man, or does not reside in the marital residence, the [husband] shall have the right to purchase from her the life estate interest for one-half of the fair market value of the residence. Should she execute her option to receive a fee simple title, then she shall offer to the [husband's] family the first option to repurchase the residence at its fair market value in the event she desire to sell the residence in the future.

In November 1989, the wife brought a rule to show cause asking the court to hold the husband in contempt of the divorce decree and asking the court to order the husband and his mother to deed the marital residence to the wife as per the agreement.[2] She further sought payment of all attorney's fees and costs. By return, the husband stated he did not own an interest in the property and was legally unable to comply with the decree. He further stated that, at time he entered into the agreement, he was hopeful his mother would agree to it, but she was not a party to the divorce proceedings and has refused to comply with the order of divorce. Accordingly, he asked the court to dismiss the rule to show cause.

---

[2] The marital residence was built largely by the husband and his father on family property which was titled in the name of the husband's mother.

Following several hearings on the matter, the trial judge issued various orders finding the issue of alimony was *res judicata* and could not be relitigated and it was the court's duty to effect compliance with the agreement as best as possible. He found the court had no jurisdiction over the husband's mother as she was not a party to the divorce proceedings and found the husband was not in contempt since he was not the titled owner of the property and was unable to comply with the divorce decree. However, he found, pursuant to the wife's affidavit, that she requested title to the marital residence thereby electing to receive lump-sum alimony. He further found in order to give effect to the divorce decree, the agreement obligated the husband to pay lump-sum alimony to the wife in the amount of the fair market value of the marital residence. Based on the testimony of the wife's expert witness, the trial judge found the value of the marital residence, not including the value of the land, to be $75,000 and, accordingly, ordered the husband to pay lump-sum alimony in that amount.

The husband first contends the trial judge erred in awarding the wife lump-sum alimony as it was not requested in the pleadings. We disagree. Clearly, the issue before the court embraced the question of the type of alimony the wife was entitled to based on the parties' agreement. Because the husband was unable to strictly comply with the terms of the agreement in regard to alimony, the trial judge was required to interpret the intent of the provision on alimony and effect compliance as best as possible. Further, this matter was handled over the course of four hearings from December 11, 1989 to August 24, 1990 and the issue was raised at all of the hearings and implicitly tried by consent. Due process requires that a litigant be placed on notice of the issue which the court is to consider. *Loftis v. Loftis*, 286 S.C. 12, 331 S.E. (2d) 372 (Ct. App. 1985). We find no merit to the husband's argument that he was deprived of adequate notice.

The husband next argues the trial judge erred in interpreting the decree of divorce as awarding lump-sum alimony. We disagree. The primary purpose of an action for civil contempt is to exact compliance. *Taylor v. Taylor*, 294 S.C. 296, 363 S.E. (2d) 909 (Ct. App. 1987). In exacting compliance with a prior decree, the court must interpret what the decree mandated, considering the purpose and the object of

the underlying litigation. *See Means v. Means*, 277 S.C. 428, 288 S.E. (2d) 811 (1982) (the duty of the trial judge in an action for civil contempt of a prior order is to determine an appropriate method of making the aggrieved party whole again where the prior order can not be specifically enforced as written).

The agreement clearly provides the wife may take title to the residence and record the deed, paying the husband's mother the fair market value of the land, *regardless* of the husband's medical condition. The agreement further gives the wife the option of accepting title to the marital residence *in full satisfaction of her right to alimony, past and future, as lump-sum alimony*, and, should she exercise this option, requires her to offer the husband's family the option to repurchase the residence at its fair market value in the event she decide to sell it in the future. Based on the fact that the court was unable to enforce that portion of the order allowing the wife to take title to the residence, it was faced with the duty of interpreting the underlying purpose and object of the decree. The court, thus, merely utilized the parties agreed upon options and computation of value in awarding the wife $75,000 in lump-sum alimony. We find the family court's interpretation to be logical and fair and the best possible solution in making the wife whole.

The husband further contends the trial judge erred in awarding lump-sum alimony as there was no showing of special circumstances required to make a lump-sum award. *See Wingard v. Wingard*, 288 S.C. 644, 344 S.E. (2d) 191 (Ct. App. 1986). We disagree. First, the award of lump-sum alimony was one based upon as agreement between the parties, not an award based on findings by the court. Further, the agreement itself indicates special circumstances existed warranting such an award because of the husband's uncertain medical condition. *See Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988) (special circumstances justifying a lump-sum award include the need to continue support after the death of the supporting spouse).

The husband also contends the trial judge erred in awarding attorney's fees without making specific findings of fact supported by the record. We disagree. The trial judge made numerous findings on the propriety of an award of such fees to the wife. Further, even if we were to

find the trial judge only minimally complied with Rule 27(c), SCRFC, a review of the record supports the award. *Lynn v. Lynn*, 290 S.C. 359, 350 S.E. (2d) 403 (Ct. App. 1986).

Finally, the husband asserts the trial judge acted in a prejudicial manner toward the husband taking an advocate's role throughout the proceedings. After a thorough review of the record, we find this argument to be manifestly without merit. *See* Rule 220(b)(2), SCACR (the Court of Appeals need not address a point which is manifestly without merit).

Affirmed.

SANDERS, C J., and LITTLEJOHN, Acting Judge, concur.