**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gary Selin, Respondent,

v.

Doris Selin, Appellant.

Appellate Case No. 2018-002097

———————

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-224
Submitted June 1, 2020 – Filed July 29, 2020

———————

**AFFIRMED**

———————

Brian Austin Katonak, of Law Office of Brian Katonak, PA, of Aiken, for Appellant.

Gregory P. Harlow, of Harlow Law Offices, PA, of Aiken, for Respondent.

———————

**PER CURIAM:** Doris Selin (Wife) appeals an order from the family court ordering Wife to pay Gary Selin (Husband) $50,000 pursuant to a settlement agreement adopted by an October 2012 court order and $3,000 in attorney's fees and costs. On appeal, Wife argues the family court erred by (1) enforcing the October 2012 order even though the parties had made a subsequent agreement and

(2) awarding Husband attorney's fees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue one, the family court did not have authority to modify the October 2012 order dividing the marital property.  *Simpson v. Simpson*, 404 S.C. 563, 571, 746 S.E.2d 54, 58 (Ct. App. 2013) ("Generally, the family court has the authority to modify any order issued by the court."); *id.* at 571, 746 S.E.2d at 58-59 ("However, 'the law in South Carolina is exceedingly clear that the family court *does not* have the authority to modify court[-]ordered property divisions.'" (quoting *Green v. Green*, 327 S.C. 577, 581, 491 S.E.2d 260, 262 (Ct. App. 1997))); *Thompson v. Thompson*, 428 S.C. 142, 149, 833 S.E.2d 274, 278 (Ct. App. 2019) ("This court has specified 'it is beyond the equitable powers of the family court to reopen and modify court[-]ordered property divisions.'" (quoting *Simpson*, 404 S.C. at 573, 746 S.E.2d at 59)); *Simpson*, 404 S.C. at 571, 746 S.E.2d at 59 ("Section 20-3-620(C) of the South Carolina Code ([2014]) provides, 'The [family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal.'").

2.  As to issue two, we find the family court did not err by awarding Husband attorney's fees.  *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo, rather than abuse of discretion . . . ."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (stating the following factors should be considered in determining whether attorney's fees and costs should be awarded: "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.