**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Paul Richard Kitchin, Jr., Respondent,

v.

Christina Spinelli, Appellant.

Appellate Case No. 2023-000176

———————

Appeal From Charleston County
Daniel E. Martin, Jr., Family Court Judge

———————

Unpublished Opinion No. 2026-UP-005
Heard October 7, 2025 – Filed January 14, 2026

———————

**REVERSED**

———————

Gregory Samuel Forman, of Gregory S. Forman, PC, of
Charleston; Anthony P. LaMantia, III, of LaMantia Law
Firm, of Mount Pleasant, both for Appellant.

Marie-Louise Ramsdale, of Ramsdale Law Firm, of
Mount Pleasant; John S. Nichols, of Bluestein Thompson
Sullivan LLC, of Columbia; and William Brendan
Koontz, of Columbia, all for Respondent.

———————

**PER CURIAM:** In this domestic case, Christina Spinelli (Wife) appeals the
family court's order approving and enforcing a mediation agreement (the

Mediation Agreement) she executed with Paul Kitchin, Jr. (Husband). Wife also appeals the family court's order denying her motion to reconsider.[1] We reverse.

Wife asserts the family court lacked subject matter jurisdiction to adopt and enforce the Mediation Agreement because it was a post-divorce agreement addressing property previously apportioned in the Divorce Order. We agree. It is undisputed that a family court generally has jurisdiction and authority to enforce or modify an agreement that it approves. *See* S.C. Code Ann. § 63-3-530(A)(25) (2010) (stating the family court has exclusive jurisdiction to modify or vacate any order issued by the court). However, this is not the case for orders involving equitable distribution. *See* S.C. Code Ann. § 20-3-620(C) (2014) ("The court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal."); *Green v. Green*, 327 S.C. 577, 581, 491 S.E.2d 260, 262 (Ct. App. 1997) ("[T]he law in South Carolina is exceedingly clear that the family court does not have the authority to modify court ordered property divisions."). The family court may enforce such property divisions through its contempt powers. *See Simpson v. Simpson*, 404 S.C. 563, 579, 746 S.E.2d 54, 63 (Ct. App. 2013) (holding the family court improperly modified the property divisions included in the divorce decree but remanding to the family court to enforce the property provisions through its contempt powers); *Swentor v. Swentor*, 336 S.C. 472, 479, 520 S.E.2d 330, 334 (Ct. App. 1999) ("Once approved, an agreement may be enforced by the family court through its contempt powers, unless the agreement unambiguously denies the court continuing jurisdiction over the matter.").

The record indicates issues arose between the parties once it was time to sell Wife's home as agreed upon in the Settlement Agreement. The parties then proceeded to mediation, which resulted in the contested agreement Husband sought to enforce through a new action. Similar to *Simpson*, we hold the family court lacked subject matter jurisdiction to adopt and enforce the Mediation Agreement because it modified property previously apportioned in the Divorce Order. Under the Mediation Agreement, Wife would receive all of the proceeds from the sale of her home, and she would also receive Husband's pension but no other proceeds from Husband's retirement accounts. These are substantial modifications to the property divisions adopted by the family court in the Divorce Order. The Mediation Agreement also divides real property not addressed in the Divorce Order.

---

[1] Husband and Wife divorced in May 2016 by order of the family court (Divorce Order). The Divorce Order incorporated a settlement agreement (the Settlement Agreement) agreed to by the parties.

Accordingly, the family court's issuance of the order adopting and enforcing the Mediation Agreement was improper and exceeded the scope of the court's jurisdiction. *See Green*, 327 S.C. at 581, 491 S.E.2d at 262 ("[T]he law in South Carolina is exceedingly clear that the family court does not have the authority to modify court ordered property divisions."). Thus, we reverse the family court's orders.[2]

This opinion should not be construed as a ruling in Wife's favor regarding the sale of the home. Pursuant to the facts, Wife is in violation of the adopted Settlement Agreement by refusing to sell her home. We note the proper avenue for Husband to seek enforcement of the sale of Wife's home is through filing a contempt action. *See Swentor*, 336 S.C. at 479, 520 S.E.2d at 334 ("Once approved, an agreement may be enforced by the family court through its contempt powers, unless the agreement unambiguously denies the court continuing jurisdiction over the matter.").[3]

Because we reverse the family court's orders adopting and enforcing the Mediation Agreement and denying Wife's motion to reconsider, we also reverse the awards of fees and costs included in those orders. *See Bojilov v. Bojilov*, 425 S.C. 161, 191, 819 S.E.2d 791, 807 (Ct. App. 2018) ("The appellate court may reverse an attorney's fees award when the beneficial results achieved by trial counsel are reversed on appeal.").

**REVERSED.[4]**

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] Although the Divorce Order promotes mediation to resolve disputes, it is outside the scope of the family court's powers to adopt an order modifying prior property divisions.

[3] The Divorce Order does reserve jurisdiction for the family court to address such conflicts.

[4] Because our holding above as to subject matter jurisdiction is dispositive, we decline to address Wife's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).