**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew T. Martin, Respondent,

v.

Elise L. Blauser, Appellant.

Appellate Case No. 2025-000679

———————————

Appeal From Charleston County
Blakely Copeland Cahoon, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-097
Submitted February 19, 2026 – Filed February 20, 2026

———————————

**AFFIRMED**

———————————

William Sylvester Hammett, III, of Cobb, Dill & Hammett, LLC, of Mount Pleasant, for Appellant.

Chris G. Jacob, of Chris Jacob Family Law, LLC, of Charleston, for Respondent.

———————————

**PER CURIAM:** Elise Blauser (Mother) appeals the family court's order granting in part and denying in part her rule to show cause petition. On appeal, she argues the family court erred in (1) finding Matthew Martin (Father) was not in contempt for failing to timely return the couple's minor child (Child) on four occasions, (2) finding Father was not in contempt for missing Child's scheduled orthodontist

appointment, (3) finding Father was not in contempt for failing to ensure Child completed various school assignments; and (4) declining to award Mother attorney's fees. We affirm based on Rule 220(b), SCACR.

1. Initially, we hold Mother failed to preserve her argument that the family court erred in finding Father was not in willful contempt for failing to return Child by 6:00 p.m. on July 23, 2023. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."). The family court found Father was not in contempt because "the evidence established Mother was not at home to receive [C]hild by 6 p.m. on July 23, 2023." Although the evidence showed Father, not Mother, was the party who was out of town and did not return by the 6:00 p.m. exchange time, Mother did not file a post-trial motion pointing out the discrepancy to the family court. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (explaining that "[t]he losing party must first try to convince the lower court it . . . has ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred"). Accordingly, we hold Mother's argument as to this finding is not preserved for this court's review.

As to the remaining three dates at issue, we find clear and convincing evidence did not show Father was in contempt for failing to return Child to Mother before his homeschool day began. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651 (2011) (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court].");[1] *Campione v. Best*, 435 S.C. 451, 457, 868 S.E.2d

---

[1] We acknowledge *Stoney* did not explicitly address the standard of review in family court contempt actions or overrule *Means v. Means*, 277 S.C. 428, 431, 288 S.E.2d 811, 812-13 (1982). Nevertheless, we address this contempt question using the de novo standard of review because it is broader than the abuse of discretion

378, 381 (Ct. App. 2021) ("Civil contempt occurs when a party willfully disobeys a clear and definite court order."); *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998) ("Civil contempt must be proven by clear and convincing evidence."). The parties entered into a custody agreement (the Agreement) in 2022. The Agreement did not contemplate homeschooling and referred instead to Child's "normal school day" and the schedule of the school he attended at the time the Agreement was executed. Although Mother testified Child's homeschooling schedule followed the local school district's schedule, this provision was not in the Agreement, and Mother herself acknowledged deviating from the school schedule by allowing Child to sleep in if he appeared tired after returning from Father's home. Thus, we hold the family court properly declined to find Father was in contempt on this issue. *See Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do.").

2. We find clear and convincing evidence did not show Father willfully failed to keep Child's orthodontist appointment. Father testified he forgot about the appointment, and his text messages with Mother showed that she rescheduled the appointment, and the parties ultimately agreed with the rescheduled date. Because the evidence did not show Father willfully disobeyed the Agreement, we hold the family court properly found he was not in contempt on this issue. *See Campione*, 435 S.C. at 457, 868 S.E.2d at 381 ("Civil contempt occurs when a party willfully disobeys a clear and definite court order.").

3. We find clear and convincing evidence did not show Father willfully failed to ensure Child completed his homeschool assignments. As discussed above, the Agreement did not contemplate homeschooling; thus, we hold the family court properly found Father was not in contempt on this issue. *See id.* at 457, 868 S.E.2d at 381 ("Civil contempt occurs when a party willfully disobeys a clear and definite court order."); *Welchel*, 260 S.C. at 421, 196 S.E.2d at 498 ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do.").

4. We hold the family court properly declined to award Mother attorney's fees. Although she prevailed on some of the allegations raised in her rule to show cause petition, she failed to prove Father was in contempt on the majority of the alleged violations of the agreement. *See Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d

standard and demonstrates the result would be the same no matter the standard used.

754, 764 (Ct. App. 2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory."); *id.* ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders."); *Poston*, 331 S.C. at 114, 502 S.E.2d at 90 ("The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding.").[2]

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] The record on appeal includes a family court order issued after the order on appeal. Because the second order was not available at the time the family court ruled on the matter at hand, we have not considered the later order. *See* Rule 210(c), SCACR (stating that the record on appeal shall not include materials not presented to the trial court).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.